Mr. Chief Justice Watkins delivered the Opinion of the Court. The indictment, consisting of one^count, charges the defendant with betting, &c., on a certain game called pocre, “which said game of chance played with cards called pocre, was then and there played by the said William Barkman, with divers other persons to the jurors unknown,” &c. The defendant being convicted, moved for anew trial, which was denied. No instructions were, asked for in the court below. The evidence shows that the defendant did bet money at pocre, though the game on which he bet was called draw pocre, and differed in some respects from pocre. On this point, the evidence is sufficient to uphold the verdict. But there is no evidence whatever identifying the game on which the defendant bet, and which, it is alleged, was played by him with divers other persons unknown to the grand jury. In the case of Johnson vs. The State, at this term, the former decisions of this court were applied and adhered to, that, where the indictment charges the defendant with be'tting on the smaller games mentioned in the 8th section of the statute, it is necessary to set out the names of the persons by whom-the game was played, because, unlike the banking games, it is the playing which' constitutes and identifies the particular game, and this becomes the more necessary as matter of description, in order to apprise the defendant of the charge he is called upon to answer, because, as we have held, it is not necessai-y in any case for the indictment to allege the namés of the persons with'whom the defendant bet. And in the case of Cameron vs. The State, at this term, the decision was that though in an indictment charging a material matter of description, as in that case that the name of the party injured is unknown, is good on demurrer, or motion in arrest, yet the right of the defendant to be apprised with reasonable, which means legal certainty of the charge against him, cannot be done away with by heedless or careless averments that such matter of description is unknown, but the allegation that the matter of description is unknown, is only allowable where a necessity for it really exists, and the allegation becomes itself a material one necessary to be found, at least to the extent of raising the presumption that it was unknown, or that the grand jury could not have ascertained it by diligent inquiry. The conviction here cannot be sustained, unless by holding that a defendant may be found guilty without any proof whatever of á material averment in the indictment; and we see no reason for departing from those decisions holding such averment to be material. The judgment will be reversed, and the cause remanded for' new trial.